12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JAIRO CAMERA-MARTINEZ, Defendant-Appellant.
 No. 93-50150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 16, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jairo Camera-Martinez appeals his conviction on one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846. He argues that the government's evidence was insufficient. We affirm.
 
 
 3
 The evidence is sufficient if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). Once a conspiracy is shown to exist, even a slight connection to the defendant is enough to sustain a conviction for conspiracy. United States v. Meyers, 847 F.2d 1408, 1413 (9th Cir.1988).
 
 
 4
 The government presented substantial circumstantial evidence linking Camera-Martinez to the 13-kilogram cocaine deal between his codefendant, Ricardo Gonzalez, and the government's informant Albert Medina.
 
 
 5
 During a tape-recorded conversation in which Gonzalez and Medina discussed the final arrangements for the deal, Gonzalez told Medina that he would bring a "friend" who was "the main guy." The government's expert testimony demonstrated that the "main man" Gonzalez referred to in the conversation was either the supplier of the cocaine or the supplier's representative. Two days later, Camera-Martinez drove Gonzalez in a borrowed car to a meeting with Medina during which Medina showed Gonzalez the money for the cocaine. At Medina's request Camera-Martinez did not go to Medina's car.
 
 
 6
 Later that day, Camera-Martinez drove Gonzalez to a self-storage facility where the cocaine was kept. They met Medina and an undercover agent who posed as the ultimate buyer. Although Camera-Martinez says that he was merely giving Gonzalez a ride to his car, once at the storage facility Camera-Martinez accompanied Gonzalez and Medina to the locker containing the cocaine.
 
 
 7
 Camera-Martinez stood watch at the door of the locker as Gonzalez showed Medina the cocaine and said that it was of good quality. Camera-Martinez then followed Gonzalez and Medina downstairs where they showed one kilo to the agent. The agent told Gonzalez that the cocaine looked good and that he would have the money in an hour. Camera-Martinez was then standing within an arms length of Gonzalez.
 
 
 8
 Camera-Martinez, Gonzalez and Medina all returned to the locker to wait. The police entered. Camera-Martinez attempted to run but was arrested. He was found carrying $200 and wearing a pager, which he claimed belonged to his employer. Whether he was employed at the time is unclear.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3